# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3300-15T2

IN THE MATTER OF THE
COMMITMENT OF C.J.,

_____

Submitted May 23, 2017 — Decided June 13, 2017

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 90-11-1427.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, of counsel and on the brief).

Gurbir S. Grewal, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

C.J. appeals from a January 29, 2016 order denying her request to terminate her Krol[1] status.  We affirm, substantially for the reasons stated by Judge Margaret M. Foti in her January 25, 2016

---

[1] See State v. Krol, 68 N.J. 236 (1975).

oral decision and in her written amplification, R. 2:5-1(b), dated April 26, 2016.

We summarize the relevant facts. In 1991, C.J. was found "not guilty by reason of insanity" and placed on Krol status. Since 1991, the court has periodically reviewed C.J.'s status. Judge Foti reviewed C.J.'s Krol status on December 14, 2015[2] and January 25, 2016.

Counsel returned to court on January 25, 2016 for C.J.'s continued Krol review hearing. C.J.'s treating psychiatrist, Dr. Paul Cusano, testified concerning C.J.'s mental health status. Neither party objected to Dr. Cusano's qualifications as an expert in the field of psychiatry. Dr. Cusano told the judge that he had been treating C.J. since 2002 but added that she had been receiving mental health services at Vantage Health Systems since 1990.

Dr. Cusano testified that C.J. was diagnosed with chronic schizophrenia, paranoid type. According to the doctor, individuals diagnosed with this condition suffer from "ongoing continuous mental illness where you have persecutory, sometimes

---

[2] At the December 14 review hearing, the court received a brief letter from C.J.'s treating psychiatrist, Dr. Paul Cusano. Due to the brevity of the report, coupled with the fact that Dr. Cusano was not in court to respond to questions regarding C.J.'s mental condition, the judge adjourned the Krol review hearing to January 25, 2016.

grandiose delusions and hallucinations."  Dr. Cusano prescribed an injectable anti-psychotic medication to be administered every four weeks.  He opined that if C.J. was not medication-compliant, she would "decompensate," and become "hostile," "agitated," and "paranoid."  Dr. Cusano concluded that C.J. should remain on Krol status, continue her course of treatment with the medication and receive individual therapy.  The doctor suggested that C.J.'s status be reviewed in one year.

Based on Dr. Cusano's testimony, the judge concluded C.J. should remain on Krol status, subject to review in one year.  In support of her decision, the judge incorporated her personal observations of C.J.'s behavior during the hearings including that she spoke loudly to herself, appeared agitated and had spontaneous outbursts.  The credible testimony of C.J.'s treating psychiatrist, coupled with the judge's statement that C.J. "can't sit still for 15 seconds in a courtroom without an outburst," led the judge to conclude that if C.J. does not remain medication-compliant, she is a danger to herself and others.

Judge Foti denied C.J.'s request to terminate her Krol status. The judge found the State met its burden by a preponderance of the evidence that, absent medication, C.J. remained a danger to herself and others.  The judge ordered C.J. to continue her treatment and

medication and scheduled another Krol review hearing for January 2017.

Our review of a Krol order is "extremely narrow, with the utmost deference accorded the reviewing judge's determination as to the appropriate accommodation of the competing interests of individual liberty and societal safety in the particular case." State v. Fields, 77 N.J. 282, 311 (1978). We give great deference to such determinations and set them aside "only where the record reveals a clear mistake in the exercise of the reviewing judge's broad discretion in evaluating the committee's present condition." Ibid.; see also In re D.C., 146 N.J. 31, 58 (1996)(citing Fields, supra, 77 N.J. at 311).

Based upon our review of the record, we find that Judge Foti properly denied C.J.'s request to terminate her Krol status. The judge made detailed fact-findings and credibility determinations in her oral and written decisions. The judge emphasized that C.J. required monthly medication administered by her treating psychiatrist to treat her mental illness. There is ample support in the record for the judge's determination that, absent medication, C.J. would decompensate and become hostile, agitated and paranoid thus posing a threat of harm to herself and others. See In re W.K., 159 N.J. 1, 2 (1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3300-15T2

4